**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEANNA ROBBINS,<br><br>              Plaintiff,<br><br>     v.<br><br>MERIT SYSTEMS PROTECTION BOARD,<br><br>              Defendant. | No. 2:21-CV-0621-KJM-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff, who is proceeding pro se, brings this civil action seeking judicial review of a final decision of the United States Equal Employment Opportunity Commission (EEOC). Pending before the Court is Defendant's motion to dismiss, ECF No. 12. Plaintiff has filed an opposition, ECF No. 14, and Defendants has replied, ECF No. 16. The matter was submitted without oral argument on the briefs and record. For the reasons discussed below, the Court agrees with Defendant that the complaint should be dismissed with leave to amend to name the proper defendant pursuant to statute.

        In her complaint, Plaintiff names in the caption "Merit Systems Protection Board Director Position Vacant." ECF No. 1, pg. 1. In section I.B., Plaintiff names William D. Spencer as the "Clerk of the Board." Id. at 2. Plaintiff alleges that the basis of this Court's federal question jurisdiction is to "Appeal Agency decision." Id. at 4. According to Plaintiff, Merit

1   Systems Protection Board improperly dismissed her administrative appeal as untimely. See id. at
2   6. Attached to Plaintiff's complaint is a March 18, 2021, "Denial of Consideration" letter sent by
3   the United States Equal Employment Opportunity Commission (EEOC) in Petition No.
4   2021001570. See id. at 13-14. By way of this letter, the EEOC denied as untimely Plaintiff's
5   appeal of a decision by Defendant Merits Systems Protection Board. See id. The letter expressly
6   advised that it represented the final decision of the Commissioner of the EEOC and that Plaintiff
7   had a right to judicial review. See id. The letter also instructed that any such action "must name
8   the person who is the official Agency head or department head, identifying that person by his or
9   her full name and official title." Id. at 14.

10            The United States Attorney has responded on behalf of Defendant Merit Systems
11  Protection Board by way of a motion to dismiss contending that the action must be dismissed
12  without prejudice and with leave to amend because Plaintiff has not named the correct defendant.
13  See ECF No. 12. The Court agrees.

14            As the March 18, 2021, letter attached to Plaintiff's complaint indicates, and as
15  Defendant accurately notes, "the EEOC denied the petition on the ground that in a 'mixed case' –
16  a case in which a federal employee alleges that he or she has been subjected to an adverse
17  employment action that was prompted in whole or in part by a violation of federal anti-
18  discrimination laws – the EEOC does not have jurisdiction where, as here, the MSPB [Meris
19  Services Protection Board] dismisses an appeal for procedural reasons such as untimeliness." See
20  ECF No. 12-1, pg. 2.

21            "The Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 et seq.,
22  establishes a framework for evaluating personnel actions taken against federal employees."
23  Kloeckner v. Solis, 568 U.S. 41, 44 (2012). "When an employee complains of a personnel action
24  serious enough to appeal to the MSPB *and* alleges that the action was based on discrimination,
25  she is said (by pertinent regulation) to have brought a 'mixed case.'" Id. at 45 (emphasis in
26  original). As outlined above, Plaintiff's case is a "mixed case." Under 5 U.S.C. § 7703(b)(2), an
27  action for review in a mixed case must be filed in the appropriate district court, not the United
28  States Court of Appeals. See Kloeckner, 568 U.S. at 50, 56. The language of § 7703(b)(2)

1 further provides that "[mixed cases] shall be filed under section 717(c) of the Civil Rights Act (42
2 U.S.C. § 2000e-16(c)) . . . ." 42 U.S.C. § 2000e-16(c) provides that "the head of the department,
3 agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c); Sommatino v.
4 United States, 255 F.3d 704, 714 n.1 (9th Cir. 2001) ("In a Title VII action, the proper defendant
5 is the head of the department, agency, or unit, as appropriate."); White v. General Servs. Admin.,
6 652 F.2d 913, 916 n.4 (9th Cir. 1981) ("Title VII provides that actions based upon federal
7 employment discrimination are to be brought against the director of the agency concerned.").

8        According to Defendant, Plaintiff's claim is a discrimination claim against the
9 Office of Personnel Management and that Plaintiff has failed to name the head of that agency as
10 the only proper defendant. See ECF No. 12, pg. 3. The Court agrees. The letter attached to
11 Plaintiff's complaint was issued by the Office of Personnel Management (OPM) of the EEOC.
12 Consistent with the authorities cited above, which the Court finds persuasive, the proper
13 defendant for this action, pursuant to statute, is the head of the agency or department – in this case
14 the heads of the EEOC or the OPM. Plaintiff's complaint should be dismissed without prejudice
15 and with leave to amend to name the correct individual as the defendant.

16        The Court makes this recommendation with the full expectation that the United
17 States Attorney, who has responded by way of the pending motion to dismiss, will act in good
18 faith in facilitating appropriate service of process. This might include waiving service on behalf
19 of the proper defendant, should Plaintiff, who is proceeding pro se, encounter difficulties in
20 identifying and/or effecting personal service on such individual. The Court favors dispositions on
21 the merits and disfavors any sign of one party attempting to take advantage of another party's pro
22 se status. The Court renders these admonitions given that the current dispute could have been
23 resolved by way of stipulation had defense counsel attempted a meet-and-confer process, at a
24 minimum by use of correspondence. The current record reflects no such efforts.
25 / / /
26 / / /
27 / / /
28 / / /

1          Based on the foregoing, the undersigned recommends that Defendant's motion to
2 dismiss, ECF No. 12, be granted and that Plaintiff's complaint be dismissed without prejudice and
3 with leave to amend to name the proper defendant.
4          These findings and recommendations are submitted to the United States District
5 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
6 after being served with these findings and recommendations, any party may file written objections
7 with the Court.  Responses to objections shall be filed within 14 days after service of objections.
8 Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.
9 Ylst, 951 F.2d 1153 (9th Cir. 1991).

11 Dated:  July 29, 2022

                                         _____
                                         DENNIS M. COTA
                                         UNITED STATES MAGISTRATE JUDGE