UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deanna Robbins,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>Merit Systems Protection Board,<br><br>　　　　　　　Defendant. | No. 2:21-CV-0621-KJM-DMC<br><br>ORDER |

　　　Plaintiff Deanna Robbins, proceeding pro se, filed the above-entitled action. The matter was referred to a United States Magistrate Judge as provided by Local Rule 302(c)(21).

　　　On August 1, 2022, the magistrate judge filed findings and recommendations, which were served on the plaintiff and notified the plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. ECF No. 18. Plaintiff has not filed objections to the findings and recommendations. The magistrate judge's conclusions of law nevertheless are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . .").

　　　Having reviewed the file, the court declines to adopt the findings and recommendations. They concluded that the plaintiff's claim, which alleges the Merit Systems Protection Board (MSPB) improperly dismissed the plaintiff's appeal as untimely, should fall under 5 U.S.C.

1

1  § 7703(b)(2). ECF No. 18. This section states that when the MSPB decides an applicant's claim
2  on the merits, 42 U.S.C § 2000e-16(c) applies, requiring that "the head of the department, agency,
3  or unit, as appropriate, shall be the defendant." 5 U.S.C. § 7703(b)(2); 42 U.S.C. § 2000e-16(c).
4  Applying section 7703(b)(2), the findings and recommendations determined the plaintiff erred in
5  naming the MSPB as the defendant and instead should have named the head of the EEOC or the
6  Office of Personnel Management. ECF No. 18.

7  However, to determine the proper defendant in this type of action, courts have
8  distinguished between dismissals by the MSPB based on merit under 5 U.S.C. § 7703(b)(2) and
9  those based on procedure under 5 U.S.C. § 7703(a)(2). *See Johnen v. U.S. Merit Sys. Prot. Bd.*,
10 882 F.3d 1171, 1174 (9th Cir. 2018). As a result, section 7703(a)(2) applies to the plaintiff's
11 appeal because the MSPB dismissed the plaintiff's appeal as untimely, not on the merits. *See*
12 Compl. at 11, ECF No. 1; *Amin v. Merit Sys. Prot. Bd.*, 951 F.2d 1247, 1251 (Fed. Cir. 1991)
13 (Congress enacted amendment to § 7703(a)(2) to clearly articulate its intention that Board is the
14 respondent in all appeals involving its jurisdiction or on rulings of procedure); *Spruill v. Merit*
15 *Sys. Prot. Bd.*, 978 F.2d 679, 684 (Fed. Cir. 1992) (clarifying guideline for deciding proper
16 respondent as: "if only MSPB procedure or jurisdiction is involved, it is the Board; when the
17 underlying merits are involved, it is the employing agency; when both are involved, it is the
18 employing agency."); *Johnen*, 882 F.3d at 1173–74 (same); *but see Lee v. Sullivan*, 787 F. Supp.
19 921, 929 (N.D. Cal. 1992) (interpreting the language of § 7703(a)(2) to require "the agency,
20 rather than the MSPB, be named whenever the employee is seeking review of the merits of her
21 discrimination claim, regardless of whether the MSPB reached the merits" because the agency,
22 not the MSPB, is the real party in interest).

23 Under section 7703(a)(2), employees and applicants who are adversely affected by the
24 MSPB's final decisions can seek judicial review. They must name the Board "<u>unless</u> the
25 employee or applicant for employment seeks review of a final order or decision <u>on the merits</u> on
26 the underlying personnel action or on a request for attorney fees." 5 U.S.C.A. § 7703(a)(2)
27 (emphasis added). For example, in *Boyce v. Gaynor*, the court held the two causes of action
28 decided on the merits should not proceed against the Board, but the cause of action decided on

procedural grounds should proceed against the Board. No. EDCV181576CBMSHKX, 2021 WL 829734, at *2 (C.D. Cal. Jan. 20, 2021). Here, plaintiff does not seek review of a decision on the merits nor is she requesting attorney's fees, and so the plaintiff properly named the MSPB as the defendant.

The findings and recommendations also suggest the plaintiff's claim should fall under section 7703(b)(2) because it is a "mixed claim." ECF No. 18. A "mixed claim" occurs when "an employee complains of a personnel action serious enough to appeal to the MSPB and alleges that the action was based on discrimination." *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012). The findings and recommendations correctly articulated that plaintiff has a "mixed case" under *Kloeckner*, but not all *Kloeckner* "mixed cases" fall under 5 U.S.C. § 7703(b)(2). *See* ECF No. 18; Compl. at 13; *see also Boyce*, 2021 WL 829734, at *2 (MSPB was proper defendant because mixed claim was dismissed on procedural grounds). Alternatively, the Ninth Circuit has sometimes used the label "mixed case" to describe a dismissal by the MSPB based on both merit and procedure. *Johnen*, 882 F.3d at 1174. That label might determine whether a case fell under section 7703(a)(2) or 7702(b)(2). *Id.* Here, since the MSPB dismissed plaintiff's claim only because it was untimely, hers is not a "mixed case." Compl. at 13. Under any definition of "mixed case," the plaintiff's claim falls under section 7703(a)(2).

Because the plaintiff seeks review of the MSPB's dismissal of her appeal as untimely, the proper defendant is the MSPB under 5 U.S.C. § 7703(a)(2).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss, ECF No. 12, is DENIED without prejudice; and

2. This matter is referred back to the assigned magistrate judge for all further pretrial proceedings, consistent with this order.

DATED: December 5, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE