1

2

3

4

5

6

7

8           **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    DEANNA ROBBINS,                          No.  2:21-CV-0621-KJM-DMC

12              Plaintiff,

13         v.                                   <u>FINDINGS AND RECOMMENDATIONS</u>

14    MERIT SYSTEMS PROTECTION
      BOARD,
15
                Defendant.
16

17

18         Plaintiff, who is proceeding pro se, brings this civil action seeking judicial review

19    of a final decision of the United States Equal Employment Opportunity Commission (EEOC).

20    Pending before the Court is Defendant's motion to dismiss this action pursuant to Federal Rule of

21    Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, ECF No. 21.  Plaintiff has not

22    filed an opposition.  For the reasons discussed below, the Court finds that Defendant's motion to

23    dismiss should be granted and that this action should be transferred to the United States Court of

24    Appeals for the Federal Circuit.

25         A motion under Rule 12(b)(1) challenges a federal court's jurisdiction to decide

26    claims alleged in the complaint. <u>See</u> Fed. R. Civ. P. 12(b)(1). The motion may be a factual attack

27    that looks beyond the pleadings to challenge "the substance of a complaint's jurisdictional

28    allegations despite their formal sufficiency."  <u>White v. Lee</u>, 227 F.3d 1214, 1242 (9th Cir. 2000);

1

1    St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).  When considering a factual attack

2    on subject-matter jurisdiction, "[n]o presumptive truthfulness attaches to plaintiff's allegations,

3    and the existence of disputed material facts will not preclude the trial court from evaluating for

4    itself the merits of jurisdictional claims." Thornhill Pub. Co. Inc. v. Gen. Tel. & Elecs. Corp., 594

5    F.2d 730, 733 (9th Cir. 1979). "[T]he district court may review evidence beyond the complaint

6    without converting the motion to dismiss into a motion for summary judgment." Safe Air for

7    Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

8

9                              **I.  BACKGROUND**

10           In her complaint, Plaintiff names in the caption "Merit Systems Protection Board

11   Director Position Vacant."  ECF No. 1, pg. 1.  In section I.B., Plaintiff names William D. Spencer

12   as the "Clerk of the Board."  Id. at 2.  Plaintiff alleges that the basis of this Court's federal

13   question jurisdiction is to "Appeal Agency decision."  Id. at 4.  According to Plaintiff, Merit

14   Systems Protection Board (MSPB) improperly dismissed her administrative appeal as untimely.

15   See id. at 6.

16           Attached to Plaintiff's complaint is a March 18, 2021, "Denial of Consideration"

17   letter sent by the United States Equal Employment Opportunity Commission (EEOC) in Petition

18   No. 2021001570.  See id. at 13-14.  By way of this letter, the EEOC denied as untimely Plaintiff's

19   appeal of a decision by Defendant Merits Systems Protection Board.  See id.  The letter expressly

20   advised that it represented the final decision of the Commissioner of the EEOC, and that Plaintiff

21   had a right to judicial review.  See id.  The letter also instructed that any such action "must name

22   the person who is the official Agency head or department head, identifying that person by his or

23   her full name and official title."  Id. at 14.

24           As indicated above, the Court may consider evidence beyond the complaint when

25   evaluating a motion to dismiss for lack of jurisdiction.  The Court does so here and accepts

26   Defendant's unopposed statement of the procedural history, which is supported by the declaration

27   of defense counsel and Exhibits A, B, and C attached thereto.  See ECF No. 21-1, 21-2.

28   / / /

1    In its unopposed motion, Defendant offers the following summary of relevant

2    background facts:

> Plaintiff was employed by the United States Army at the Sierra
> Army Depot. Declaration of Edward Olsen at Exhibit A. The Office of
> Personnel Management ("OPM") denied Plaintiff's application for
> disability retirement benefits under the Federal Employees' Retirement
> System on March 5, 2020. Olsen Declaration at Exhibit B. OPM denied
> the application because Plaintiff had applied for disability retirement
> benefits from the wrong position of record – she listed her position
> as a Packer (a position that Plaintiff formerly held at the Sierra Army
> Depot) instead of a Materials Handler (her current position at the Sierra
> Army Depot). *Id*. OPM informed Plaintiff that "you must apply for
> disability retirement benefits from your current position of record and be
> found disabled and unable to perform the essential duties of that position
> in order to be awarded disability benefit[s]." *Id*.
>
> Plaintiff filed an appeal from the OPM's decision with the Merit
> Systems Protection Board ("MSPB") on April 27, 2020. Olsen Declaration
> at Exhibit A. In her appeal, Plaintiff alleged that: (1) she was not aware of
> the change in her position title "until several months after the fact"; (2)
> Packer and Materials Handler "are the same job"; and (3) her supervisors
> at the Sierra Army Depot deliberately listed the incorrect position title in
> her disability retirement benefits application in order to retaliate against
> her for having engaged in the EEOC process on an unrelated matter. *Id*.
> The MSPB dismissed the appeal as untimely on June 19, 2020, concluding
> that Plaintiff had failed to file her appeal within thirty days of OPM's
> decision as required by 5 C.F.R. § 1201.22(b)(1) and that plaintiff had
> failed to establish good cause for the late filing. Olsen Declaration at
> Exhibit C.
>
> On August 24, 2020, Plaintiff filed a petition with the Equal
> Employment Opportunity Commission ("EEOC") seeking review of the
> MSPB's decision to dismiss her appeal as untimely. Docket No. 1 at 13-
> 15. On March 18, 2021, the EEOC dismissed the petition because "the
> MSPB's decision did not address any matters within the Commission's
> jurisdiction." Docket No. 1 at 13. The EEOC stated that, although EEOC
> regulations provide that the Commission has jurisdiction over mixed case
> appeals and complaints on which the MSPB has issued a decision that
> makes determinations on allegations of discrimination, "the MSPB
> dismissed Petitioner's appeal for being untimely" and "[t]he Commission
> has no jurisdiction over these types of procedural determinations
> by the MSPB." Docket No. 1 at 13.

ECF No. 21-1, pgs. 2-3.

///

///

///

///

///

3

1

## II.  DISCUSSION

2       In its motion to dismiss, Defendant argues that the Court lacks subject matter

3   jurisdiction because the United States Court of Appeals for the Federal Circuit has exclusive

4   jurisdiction.  See ECF No. 21-1.  The Court agrees and further finds that this action should be

5   transferred to the Federal Circuit for adjudication of Plaintiff's petition for judicial review.

6       As Defendants' evidence shows, this matter concerns benefits under the Federal

7   Employees' Retirement System (FERS).  According to Defendant:

8           The Federal Employees' Retirement System ("FERS"), 5 U.S.C.
        §§ 8401-8479, provides that the OPM shall administer disability
9       retirement and otherwise "shall adjudicate all claims" regarding
        retirement benefits under this chapter. *See* 5 U.S.C. § 8461(c); *Anthony v.*
10      *OPM*, 58 F.3d 620, 626 (Fed. Cir. 1995). After OPM renders a final
        decision, FERS provides for review of OPM's decision by the MSPB. *See*
11      5 U.S.C. § 8461(e)(1). An employee dissatisfied with a decision from the
        MSPB may then petition for judicial review in the United States Court of
12      Appeals for the Federal Circuit. *See* 5 U.S.C. § 7703(b)(1); *Rodriguez v.*
        *United States*, 852 F.3d 67, 83 (1st Cir. 2017) (explaining that the
13      "exclusive remedial framework" provided by the Civil Service Reform
        Act provides that a plaintiff must pursue retirement claims through the
14      statutory structure – which requires a decision by OPM, followed by an
        appeal to the MSPB, and finally judicial review in the Federal Circuit).
15
        ECF No. 21-1, pgs. 3-4.
16

17  The Federal Circuit's authority to review decisions from the MSPB involving benefits under

18  FERS is exclusive.  See Eisenbeiser v. Chertoff, 448 F. Supp. 2d 106, 109 (D.D.C. 2006);

19  Sherman v. United States, 139 Fed. Cl. 640, 650 (2018); Hannon v. United States, 48 Fed. Cl. 15,

20  23 (2000); Matsuo v. United States, 416 F. Supp. 2d 982, 998 (D. Haw. 2006); Escoe v. Off. Of

21  Pers. Mgt., 2019 WL 8112900, at *2 (C.D. Cal. 2019); Phelps v. United States, 2018 WL 684803,

22  at *2-3 (E.D. Cal. 2018).

23      In some instances, the district court and not the Federal Circuit would have

24  exclusive jurisdiction.  See Ash v. Off. Of Pers. Mgt., 25 F.4th 1009 (Fed. Cir. 2022 (per curiam).

25  In Ash, the Federal Circuit held that an OPM decision that adversely affects retirement rights or

26  benefits may be a "personnel action" giving rise to a mixed case over which the district court has

27  exclusive jurisdiction.  See id.  A "mixed case" is one in which the employee has been affected by

28  a personnel action that is subject to review by the MSPB and in which the employee alleges that

1   the action was prompted in whole or in party by discrimination.  See 5 U.S.C. § 7703(b)(1)(A);

2   see also Kloeckner v. Solis, 568 U.S. 41, 44 (2012).

3          The Court agrees with Defendant that this is not a "mixed case."  As Defendant

4   notes, even if this action can be characterized as a personnel action, Plaintiff has not alleged –

5   either in this Court or before the MSPB – that OPM's decision was prompted in any part by

6   discrimination against Plaintiff.

7          The Court finds that this matter should be transferred pursuant to 28 U.S.C. § 1631

8   to the United States Court of Appeals for the Federal Circuit.

9

10                            **III.  CONCLUSION**

11         Based on the foregoing, the undersigned recommends that Defendant's unopposed

12   motion to dismiss, ECF No. 21, be GRANTED and that this matter be transferred to the United

13   States Court of Appeals for the Federal Circuit.

14         These findings and recommendations are submitted to the United States District

15   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

16   after being served with these findings and recommendations, any party may file written objections

17   with the Court.  Responses to objections shall be filed within 14 days after service of objections.

18   Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

19   Ylst, 951 F.2d 1153 (9th Cir. 1991).

20

21   Dated:  July 25, 2023

22                                    _____
                                        DENNIS M. COTA
23                                      UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28