IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA ROBBINS,<br><br>        Plaintiff,<br><br>    v.<br><br>MERIT SYSTEMS PROTECTION BOARD,<br><br>        Defendant. | No.  2:21-CV-0621-KJM-DMC<br><br>ORDER<br><br>and<br><br>AMENDED FINDINGS AND RECOMMENDATIONS |

        Plaintiff, who is proceeding pro se, brings this civil action seeking judicial review of a final decision of the United States Equal Employment Opportunity Commission (EEOC). Pending before the Court is Defendant's motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, ECF No. 21. Plaintiff did not file an opposition. On July 25, 2023, the Court issued findings and recommendations that Defendant's unopposed motion to dismiss be granted. See ECF No. 23. Plaintiff filed objections to the findings and recommendations on August 15, 2023. See ECF No. 24. The Court construes Plaintiff's objections as an opposition to Defendant's motion to dismiss and will hereby vacate the July 25, 2023, findings and recommendations. Defendant has not filed a response to Plaintiff's objections. The Court will also hereby address Defendant's motion to dismiss and Plaintiff's opposition thereto by way of these amended findings and recommendations.

For the reasons discussed below, the Court finds that Defendant's motion to dismiss should be granted.  In light of facts newly alleged in Plaintiff's objections/opposition, however, the Court amends its earlier findings and recommendations and concludes that Plaintiff should be provided leave to amend to state facts in a single pleading which could establish this as a "mixed case" over which this Court would have subject-matter jurisdiction.

A motion under Rule 12(b)(1) challenges a federal court's jurisdiction to decide claims alleged in the complaint. See Fed. R. Civ. P. 12(b)(1). The motion may be a factual attack that looks beyond the pleadings to challenge "the substance of a complaint's jurisdictional allegations despite their formal sufficiency."  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).  When considering a factual attack on subject-matter jurisdiction, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill Pub. Co. Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). "[T]he district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

## I.  BACKGROUND

In her complaint, Plaintiff names in the caption "Merit Systems Protection Board Director Position Vacant." ECF No. 1, pg. 1.  In section I.B., Plaintiff names William D. Spencer as the "Clerk of the Board." Id. at 2.  Plaintiff alleges that the basis of this Court's federal question jurisdiction is to "Appeal Agency decision." Id. at 4.  According to Plaintiff, Merit Systems Protection Board (MSPB) improperly dismissed her administrative appeal as untimely. See id. at 6.

Attached to Plaintiff's complaint is a March 18, 2021, "Denial of Consideration" letter sent by the United States Equal Employment Opportunity Commission (EEOC) in Petition No. 2021001570.  See id. at 13-14.  By way of this letter, the EEOC denied as untimely Plaintiff's appeal of a decision by Defendant Merits Systems Protection Board. See id.  The letter expressly

2

advised that it represented the final decision of the Commissioner of the EEOC, and that Plaintiff had a right to judicial review. See id.  The letter also instructed that any such action "must name the person who is the official Agency head or department head, identifying that person by his or her full name and official title." Id. at 14.

As indicated above, the Court may consider evidence beyond the complaint when evaluating a motion to dismiss for lack of jurisdiction.  The Court does so here and accepts Defendant's unopposed statement of the procedural history, which is supported by the declaration of defense counsel and Exhibits A, B, and C attached thereto.  See ECF No. 21-1, 21-2.

In its motion, Defendant offers the following summary of relevant background facts:

> Plaintiff was employed by the United States Army at the Sierra Army Depot. Declaration of Edward Olsen at Exhibit A. The Office of Personnel Management ("OPM") denied Plaintiff's application for disability retirement benefits under the Federal Employees' Retirement System on March 5, 2020. Olsen Declaration at Exhibit B. OPM denied the application because Plaintiff had applied for disability retirement benefits from the wrong position of record – she listed her position as a Packer (a position that Plaintiff formerly held at the Sierra Army Depot) instead of a Materials Handler (her current position at the Sierra Army Depot). Id. OPM informed Plaintiff that "you must apply for disability retirement benefits from your current position of record and be found disabled and unable to perform the essential duties of that position in order to be awarded disability benefit[s]." Id.
>
> Plaintiff filed an appeal from the OPM's decision with the Merit Systems Protection Board ("MSPB") on April 27, 2020. Olsen Declaration at Exhibit A. In her appeal, Plaintiff alleged that: (1) she was not aware of the change in her position title "until several months after the fact"; (2) Packer and Materials Handler "are the same job"; and (3) her supervisors at the Sierra Army Depot deliberately listed the incorrect position title in her disability retirement benefits application in order to retaliate against her for having engaged in the EEOC process on an unrelated matter. Id. The MSPB dismissed the appeal as untimely on June 19, 2020, concluding that Plaintiff had failed to file her appeal within thirty days of OPM's decision as required by 5 C.F.R. § 1201.22(b)(1) and that plaintiff had failed to establish good cause for the late filing. Olsen Declaration at Exhibit C.
>
> On August 24, 2020, Plaintiff filed a petition with the Equal Employment Opportunity Commission ("EEOC") seeking review of the MSPB's decision to dismiss her appeal as untimely. Docket No. 1 at 13-15. On March 18, 2021, the EEOC dismissed the petition because "the MSPB's decision did not address any matters within the Commission's jurisdiction." Docket No. 1 at 13. The EEOC stated that, although EEOC regulations provide that the Commission has jurisdiction over mixed case appeals and complaints on which the MSPB has issued a decision that makes determinations on allegations of discrimination, "the MSPB

3

dismissed Petitioner's appeal for being untimely" and "[t]he Commission has no jurisdiction over these types of procedural determinations by the MSPB." Docket No. 1 at 13.

ECF No. 21-1, pgs. 2-3.

## II. DISCUSSION

In its motion to dismiss, Defendant argues that the Court lacks subject matter jurisdiction because the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction. See ECF No. 21-1. The Court agrees that, as currently pleaded, Plaintiff's complaint fails to establish this Court's subject-matter jurisdiction. Plaintiff has alleged additional facts in her objections/opposition brief which, if included in an amended complaint, could overcome this defect. The Court, therefore, will recommend that Defendant's motion to dismiss be granted and that the complaint be dismissed with leave to amend.

As Defendants' evidence shows, this matter concerns benefits under the Federal Employees' Retirement System (FERS). According to Defendant:

> The Federal Employees' Retirement System ("FERS"), 5 U.S.C. §§ 8401-8479, provides that the OPM shall administer disability retirement and otherwise "shall adjudicate all claims" regarding retirement benefits under this chapter. See 5 U.S.C. § 8461(c); Anthony v. OPM, 58 F.3d 620, 626 (Fed. Cir. 1995). After OPM renders a final decision, FERS provides for review of OPM's decision by the MSPB. See 5 U.S.C. § 8461(e)(1). An employee dissatisfied with a decision from the MSPB may then petition for judicial review in the United States Court of Appeals for the Federal Circuit. See 5 U.S.C. § 7703(b)(1); Rodriguez v. United States, 852 F.3d 67, 83 (1st Cir. 2017) (explaining that the "exclusive remedial framework" provided by the Civil Service Reform Act provides that a plaintiff must pursue retirement claims through the statutory structure – which requires a decision by OPM, followed by an appeal to the MSPB, and finally judicial review in the Federal Circuit).

ECF No. 21-1, pgs. 3-4.

The Federal Circuit's authority to review decisions from the MSPB involving benefits under FERS is exclusive. See Eisenbeiser v. Chertoff, 448 F. Supp. 2d 106, 109 (D.D.C. 2006); Sherman v. United States, 139 Fed. Cl. 640, 650 (2018); Hannon v. United States, 48 Fed. Cl. 15, 23 (2000); Matsuo v. United States, 416 F. Supp. 2d 982, 998 (D. Haw. 2006); Escoe v. Off. Of Pers. Mgt., 2019 WL 8112900, at *2 (C.D. Cal. 2019); Phelps v. United States, 2018 WL 684803,

at *2-3 (E.D. Cal. 2018).

In some instances, the district court and not the Federal Circuit would have exclusive jurisdiction.  See Ash v. Off. Of Pers. Mgt., 25 F.4th 1009 (Fed. Cir. 2022 (per curiam). In Ash, the Federal Circuit held that an OPM decision that adversely affects retirement rights or benefits may be a "personnel action" giving rise to a mixed case over which the district court has exclusive jurisdiction.  See id.  A "mixed case" is one in which the employee has been affected by a personnel action that is subject to review by the MSPB and in which the employee alleges that the action was prompted in whole or in party by discrimination.  See 5 U.S.C. § 7703(b)(1)(A); see also Kloeckner v. Solis, 568 U.S. 41, 44 (2012).

The Court agrees with Defendant that the complaint does not allege any facts which would establish that this case is a "mixed case."  As Defendant notes, even if this action can be characterized as a personnel action, Plaintiff has not alleged – either in this Court or before the MSPB – that OPM's decision was prompted in any part by discrimination against Plaintiff.  In her objections/opposition brief, Plaintiff alleges: "Plaintiff does allege that OPM's decision was prompted by discrimination and/or retaliation."  See ECF No. 24, pg. 9.  Plaintiff then outlines additional background facts in support of this claim.  See id. at 9-11.  The Court finds that Plaintiff should be permitted an opportunity to file a first amended complaint incorporating these new allegations.  It may be that such an amended complaint could survive a Rule 12(b)(1) challenge.  That decision, however, should be left for another day if Defendant elects to assert such a challenge to any first amended complaint.

///
///
///
///
///
///
///
///

### III.  CONCLUSION

Based on the foregoing, the undersigned orders and recommends as follows:

    1.    It is hereby ORDERED that the findings and recommendations issued on July 25, 2023, are VACATED.

    2.    It is hereby RECOMMENDED that Defendant's motion to dismiss be GRANTED.

    3.    It is hereby RECOMMENDED that Plaintiff's complaint be dismissed with leave to amend.

These amended findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these amended findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 30, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE