IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA ROBBINS,<br><br>           Plaintiff,<br><br>      v.<br><br>MERIT SYSTEMS PROTECTION BOARD,<br><br>           Defendant. | No.  2:21-CV-0621-KJM-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff, who is proceeding pro se, brings this civil action seeking judicial review of a final decision of the United States Equal Employment Opportunity Commission (EEOC). Pending before the Court is Defendant's renewed motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, ECF No. 28. Plaintiff did not file an opposition.

   A motion under Rule 12(b)(1) challenges a federal court's jurisdiction to decide claims alleged in the complaint. See Fed. R. Civ. P. 12(b)(1). The motion may be a factual attack that looks beyond the pleadings to challenge "the substance of a complaint's jurisdictional allegations despite their formal sufficiency." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).  When considering a factual attack on subject-matter jurisdiction, "[n]o presumptive truthfulness attaches to plaintiff's allegations,

and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill Pub. Co. Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). "[T]he district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

## I. BACKGROUND

This matter has been before the Court on prior motions to dismiss. Following filing of the original complaint on April 5, 2021, Defendant filed a motion to dismiss on January 12, 2023, arguing lack of subject matter jurisdiction. See ECF No. 21. On July 25, 2023, the undersigned issued findings and recommendations that Defendant's motion be granted and that this matter be transferred to the U.S. Court of Appeals for the Federal Circuit. See ECF No. 23. Plaintiff filed objections on August 15, 2023. See ECF No. 24. In her objections, Plaintiff suggested facts, which if alleged in the complaint, could render this action a "mixed case" appropriately heard in this Court. See id. at 9-11. Based on Plaintiff's objections, the Court vacated the July 25, 2023, findings and recommendations and instead issued on August 30, 2023, amended findings and recommendations that Defendant's motion to dismiss be granted but that Plaintiff be provided leave to amend to allege facts establishing this case as a "mixed case" which can proceed in this Court. See ECF No. 25.

Before the District Judge addressed the amended findings and recommendations, Plaintiff prematurely filed a first amended complaint on September 15, 2023. See ECF No. 26. The amended findings and recommendations were adopted in full by the District Judge on September 26, 2023. See ECF No. 27. In the District Judge's order, Plaintiff was provided leave to file a new amended complaint within 30 days of receipt of the order. See id. Plaintiff was cautioned that, if no new amended complaint was filed within the time permitted therefor, the action would proceed on the first amended complaint filed on September 15, 2023. See id. To date, Plaintiff has not filed a new amended complaint. Defendant's currently pending motion to dismiss challenges the September 15, 2023, first amended complaint.

## II.  DISCUSSION

In its motion to dismiss, Defendant argues that the Court lacks subject matter jurisdiction because the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction.  See ECF No. 28-1.

As Defendants' evidence shows, this matter concerns benefits under the Federal Employees' Retirement System (FERS).  According to Defendant:

> The Federal Employees' Retirement System ("FERS"), 5 U.S.C. §§ 8401-8479, provides that the OPM shall administer disability retirement and otherwise "shall adjudicate all claims" regarding retirement benefits under this chapter. See 5 U.S.C. § 8461(c); Anthony v. OPM, 58 F.3d 620, 626 (Fed. Cir. 1995). After OPM renders a final decision, FERS provides for review of OPM's decision by the MSPB. See 5 U.S.C. § 8461(e)(1). An employee dissatisfied with a decision from the MSPB may then petition for judicial review in the United States Court of Appeals for the Federal Circuit. See 5 U.S.C. § 7703(b)(1); Rodriguez v. United States, 852 F.3d 67, 83 (1st Cir. 2017) (explaining that the "exclusive remedial framework" provided by the Civil Service Reform Act provides that a plaintiff must pursue retirement claims through the statutory structure – which requires a decision by OPM, followed by an appeal to the MSPB, and finally judicial review in the Federal Circuit).

ECF No. 21-1, pgs. 3-4 (prior motion to dismiss).

"OPM" refers to the Office of Personnel Management.  "MSPB" refers to the Merit Systems Protection Board, which is the defendant to this action.

The Federal Circuit's authority to review decisions from the MSPB involving benefits under FERS is exclusive.  See Eisenbeiser v. Chertoff, 448 F. Supp. 2d 106, 109 (D.D.C. 2006); Sherman v. United States, 139 Fed. Cl. 640, 650 (2018); Hannon v. United States, 48 Fed. Cl. 15, 23 (2000); Matsuo v. United States, 416 F. Supp. 2d 982, 998 (D. Haw. 2006); Escoe v. Off. Of Pers. Mgt., 2019 WL 8112900, at *2 (C.D. Cal. 2019); Phelps v. United States, 2018 WL 684803, at *2-3 (E.D. Cal. 2018).

In some instances, the District Court and not the Federal Circuit would have exclusive jurisdiction.  See Ash v. Off. Of Pers. Mgt., 25 F.4th 1009 (Fed. Cir. 2022 (per curiam). In Ash, the Federal Circuit held that an OPM decision that adversely affects retirement rights or benefits may be a "personnel action" giving rise to a mixed case over which the district court has exclusive jurisdiction.  See id.  A "mixed case" is one in which the employee has been affected by

a personnel action that is subject to review by the MSPB and in which the employee alleges that the action was prompted in whole or in party by discrimination. See 5 U.S.C. § 7703(b)(1)(A); see also Kloeckner v. Solis, 568 U.S. 41, 44 (2012).

The Court does not agree with Defendant that the first amended complaint is devoid of facts which would establish that this case is a "mixed case." In her objections/ opposition brief, Plaintiff alleges: "Plaintiff does allege that OPM's decision was prompted by discrimination and/or retaliation." See ECF No. 24, pg. 9. Plaintiff then outlines additional background facts in support of this claim. See id. at 9-11. Plaintiff has included similar allegations in the operative first amended complaint. See ECF No. 26, pgs. 11-13.

Defendant argues that the alleged discrimination and/or retaliation was, according to Plaintiff, committed by her employer, the Sierra Army Deport when her position was incorrectly listed, and not by OPM. See ECF No. 28-1, pgs. 6-7. According to Defendant:

> In her appeal to the MSPB, Plaintiff in this case alleged that her supervisors at the Sierra Army Depot deliberately listed her position as Packer, rather than Materials Handler, in her disability retirement benefits application in order to retaliate against her for filing an EEO complaint. Olsen Declaration at Exhibit A. However, her allegations of retaliation were directed at the Army, not OPM (which issued the retirement benefits decision that Plaintiff challenges), and accordingly cannot serve as the basis for a mixed case here. This is in contrast to the plaintiff in *Ash*, who alleged that the OPM, not his employing agency, engaged in prohibited discrimination. Accordingly, this is not a mixed case and only the Federal Circuit has authority to review the MSPB's decision. (footnote omitted).
>
> Although Plaintiff alleges in her Amended Complaint that "OPM's decision was prompted by discrimination and/or retaliation for Plaintiff's participation in the EEOC process," Docket No. 26 at 12-13, such a wholly conclusory statement does not suffice. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that mere conclusory allegations in a complaint do not suffice and that a plaintiff must plead factual content in order to state a claim); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that mere "labels and conclusions" will not do); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (stating that "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibility suggestive of a claim entitling the plaintiff to relief."). Moreover, it is abundantly clear that Plaintiff is alleging that the Department of the Army engaged in retaliation, not the OPM. *See* Docket No. 26 at 11 ("Plaintiff alleges that Sandie Hubbard [an HR Specialist with the Department of the Army] intentionally put Packer instead of Material Handler to get Plaintiff's application dismissed in retaliation for having engaged in the EEO process"); Docket No. 26 at 13 (stating that the OPM's decision was based on the "erroneous information" supplied by the Department of the Army Human Resources Specialist and Plaintiff's supervisor at the

Department of the Army).

ECF No. 21, pgs. 6-7.

While it is true that Plaintiff alleges that the discriminatory and/or retaliatory conduct was committed by her employer, she does affirmatively allege that the ultimate decision issued by OPM was "prompted by" this discrimination/retaliation.  It is reasonable to infer this to mean that Plaintiff claims the employer's alleged misconduct provided the factual basis for OPEM's ultimate decision.  Construing Plaintiff's pro se pleading liberally and drawing all reasonable inferences, the Court finds that Plaintiff first amended complaint goes beyond a conclusory statement of "labels and conclusions."  If, upon conducting discovery, Defendant learns of undisputed facts showing that the alleged discrimination/retaliation played no role in OPM's decision, or facts showing that the alleged discrimination or retaliation never occurred in the first place, Defendant would then be able to renew its argument, on summary judgment, that the facts establish that this is not a mixed case.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant's renewed motion to dismiss, ECF No. 28, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 14, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE